

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 25, 1969

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas   77002

Opinion No. M- 523

Re: Whether resident minor heirs
or legatees come within the
term "creditor" as used in
Section 144, Texas Probate
Code, and related questions.

Dear Mr. Resweber:

Your recent letter requesting the opinion of this office concerning the referenced matter states, in part, as follows:

"1. Does a resident minor heir or a resident minor legatee of an estate being administered in the same county, come within the definition of a 'creditor' under Section 144, Probate Code, V.A.T.S., so as to make the terms and provisions of said Section applicable to such minor heirs and legatees?

"2. Is the County Clerk authorized under Section 144, Probate Code, V.A.T.S., to accept a deposit of money, not exceeding $1,500.00, from the executor, administrator, guardian, or other personal representative of an estate being administered in the same county, for the use and benefit of a resident minor being without a legal guardian of his person or estate under the provisions of Sec. 144, Probate Code, V.A.T.S.?

-2491-

"3. Under the same conditions as outlined in Paragraph 2 above except that the estate is being administered in another county or another state, is the County Clerk authorized, under Sec. 144, Probate Code, V.A.T.S., to accept a deposit of moeny for the purposes and under the conditions specified in Sec. 144, Probate Code, V.A.T.S.?"

Section 144, Texas Probate Code, was amended by Senate Bill Number 274 (Acts 61st Leg. R.S. 1969, ch. 671, p.1978). That Section provides, in part, as follows:

"(a) To Residents. Whenever a resident minor, or whenever a resident person legally adjudged to be of unsound mind or to be an habitual or common drunkard sometimes referred to in this Section as 'creditor', being without a legal guardian of his person or estate, shall be entitled to money in an amount not exceeding One Thousand Five Hundred Dollars, the right to which is liquidated and is uncontested in any pending lawsuit, the debtor may pay same to the County Clerk of the county in which such creditor resides in this state, for the account of such creditor, giving his name, the nature of his disability, and if a minor his age, and his post office address, and the receipt for such money signed by the clerk shall be forever binding on such creditor as of the date and to the extent of such payment. Upon receipt of such payment by the clerk, he shall forthwith call same to the attention of the court and shall invest such money as authorized by the Probate Code pursuant to the orders of the court in the name and for the account of such minor other person entitled to same,

and by letter mailed to the address given by the <u>debtor, shall apprise such creditor of the fact that such deposit has been made</u>. Any increase, dividend or income from such investments shall be credited to the account of <u>such minor</u> or other person entitled to such investment....

"...

"The father or mother or unestranged spouse of <u>such creditor</u>..., residing in this state or if there be no such spouse and both father and mother be dead or non-residents of this state, then the person residing in this state who has actual custody of <u>such creditor</u>, may as custodian, upon filing with such clerk written application and bond approved by the County Judge of such county, withdraw such money from the clerk <u>for the use and benefit of such creditor</u>, such bond...to be conditioned that such custodian will use said money <u>for the benefit of such creditor</u>... and that he will, when legally called upon to do, <u>faithfully account to such creditor</u>, his heirs or legal representatives for such money and any increase thereof <u>upon removal of the disability to which such creditor is subject</u>, or upon his death or the appointment of a guardian...

"...

"(c) <u>When the Deposit is Not Withdrawn by Another Person</u>. If no person authorized hereunder withdraws such money from the Clerk as provided for in this Section, then the creditor himself, <u>after termination of his disability</u>..., may at any

> time...withdraw such money..., direc-
> ting the clerk to deliver such money
> to <u>such creditor</u>..." (Emphasis added.)

In answer to your first question, it is our opinion that a resident minor heir or legatee clearly is a "creditor", as that term is used in Section 144, supra.

In answer to your second question, we have also concluded that an executor, administrator, guardian, or other legal representative of an estate being administered in the county wherein the minor heir or legatee resides is a "debtor", as that term is used in Section 144, supra, and, as such, is entitled to deposit a sum of money not exceeding $1,500.00 with the county clerk of the county wherein said minor resides for the use and benefit of said minor.

With reference to your third question, it appears that there is no restriction in Section 144, supra, on the place of residence of the "debtor", from whom the county clerk of the county of the minor's residence may receive money for the use of the minor. Consequently, it is our opinion that said county clerk may receive a deposit of money not exceeding $1,500.00 for the use and benefit of said minor from an executor, administrator, guardian, or other legal representative of an estate being administered in either another state or in a Texas county different from that wherein the minor resides.

### S U M M A R Y

(1)  A resident minor heir or legatee of an estate being administered in the county of his residence is a "creditor", as that term is used in Section 144, Texas Probate Code.

(2)  The county clerk of the county in which a minor heir or legatee resides is authorized by Section 144, Texas Probate Code, to accept a deposit of money not exceeding $1,500.00 from the executor,

-2494)

administrator, guardian, or other legal representative of an estate being administered in the same county for the use and benefit of such resident minor.

(3) The county clerk of the county in which a minor heir or legatee resides is authorized by Section 144, Texas Probate Code, to accept a deposit of money not exceeding $1,500.00, for the use and benefit of such resident minor, from the executor, administrator, guardian, or other legal representative of an estate being administered in another Texas county or another state.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Z. T. Fortescue
Fisher Tyler
Dyer Moore
Sarah E. Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant